21-3039-cv
Andes Petroleum Ecuador v. Occidental Exploration and Production Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges.*

------------------------------------------------------------------

ANDES PETROLEUM ECUADOR LTD.,

*Petitioner-Appellee*,

v.                                                              No. 21-3039-cv

OCCIDENTAL EXPLORATION AND
PRODUCTION COMPANY,

*Respondent-Appellant*.

------------------------------------------------------------------

CERTIFIED COPY ISSUED ON 06/15/2023

| | |
|---|---|
| FOR RESPONDENT-APPELLANT: | PAUL D. CLEMENT (Erin E. Murphy, Michael D. Lieberman, John C. Brinkerhoff Jr., *on the brief*), Kirkland & Ellis LLP, Washington, DC |
| FOR PETITIONER-APPELLEE: | SCOTT S. BALBER (Christian Leathley, Steven Jacobs, Liang-Ying Tan, *on the brief*), Herbert Smith Freehills New York LLP, New York, NY |
| FOR AMICUS CURIAE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA: | Peter B. Rutledge, Law Office of Peter Rutledge, Athens, GA (Daryl Joseffer, Jonathan D. Urick, U.S. Chamber Litigation Center, Washington, DC, *on the brief*) |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part.

Occidental Exploration and Production Company ("OEPC") appeals from

1    a judgment of the United States District Court for the Southern District of New

2    York (Hellerstein, J.) that (1) denied its motion to vacate an arbitration award, (2)

3    granted a motion by Andes Petroleum Ecuador Limited ("Andes") to confirm the

4    arbitration award, and (3) awarded pre-judgment interest.  We assume the

5    parties' familiarity with the underlying facts and the record of prior proceedings,

6    to which we refer only as necessary to explain our decision to affirm in part and

7    vacate in part.

8    I.    Background

9           In 1999 OEPC entered into a contract with an arm of the Ecuadorian

10   government to carry out hydrocarbon development in the Ecuadorian Amazon

11   Region.  In 2000 OEPC and Andes entered into two agreements in which OEPC

12   assigned to Andes an interest in the rights to the development project.  In 2006

13   the parties amended one of those agreements by entering into a separate letter

14   agreement.  Following a dispute implicating the terms of the letter agreement,

15   Andes commenced an arbitration proceeding against OEPC in 2016.  Consistent

16   with the parties' agreements and the Commercial Arbitration Rules of the

17   American Arbitration Association ("AAA Rules") that were incorporated therein,

18   each party "appoint[ed] an arbitrator of its choice" to a three-person tribunal,

1   and the "party-appointed arbitrators . . . appoint[ed] a presiding arbitrator."

2   Joint App'x 189.  Andes appointed Richard Ziegler, OEPC appointed Robert

3   Smit, and together, Zeigler and Smit appointed James Hosking to chair the

4   tribunal.

5       The parties' agreement and the applicable AAA Commercial Arbitration

6   Rules required all arbitrators to be "wholly independent and impartial."  Joint

7   App'x 189; see Joint App'x 209.  The AAA Rules and the arbitrator oath required

8   by the parties' agreements mandated disclosure of "any circumstance likely to

9   give rise to justifiable doubt as to the arbitrator's impartiality or independence."

10  Joint App'x 208; see also Joint App'x 239.  These disclosure obligations

11  continued throughout the arbitration.

12      During the arbitrator selection process, Smit disclosed that he had a

13  professional connection to one of Andes's counsel, Laurence Shore, from an

14  unrelated prior arbitration and arbitration conferences.  In 2018, after the OEPC-

15  Andes arbitration panel was constituted, Smit and Shore were both appointed to

16  a tribunal in a separate, unrelated arbitration.  Neither Smit nor Shore disclosed

17  their appointment, although it was listed publicly online.  The OEPC-Andes

18  arbitration resulted in an arbitral award in favor of Andes in the amount of

4

$391,879,747, plus interest and the costs of the arbitration proceedings.

OEPC contends that Smit and Shore "secretly maintained a close, direct relationship as co-equals in a confidential arbitration that gave Shore a behind-the-scenes look at Smit's decision-making process, inside information on his views about specific contract doctrines, and ample opportunity for ex parte communication, collegial discussions, and collaborative decision-making." Appellant's Br. 17. OEPC alleges that this violated the Federal Arbitration Act (FAA) because of Smit's "evident partiality," 9 U.S.C. § 10(a)(2), and because Smit "exceeded [his] powers," id. § 10(a)(4). OEPC also argues that the undisclosed relationship prevents confirmation of the award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. V, § 1(d), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("Convention") (as applied through the FAA, 9 U.S.C. §§ 201-08), because the arbitration panel was not constituted in accordance with the parties' agreements.

The District Court denied OEPC's motion to vacate and confirmed the award. It then entered final judgment in favor of Andes in the amount of $558,577,380.56, which included pre-judgment interest totaling $166,107,500.79 as well as arbitration costs. On appeal, OEPC contests both the District Court's

confirmation of the arbitration award and the District Court's calculation of pre-judgment interest.

II. <u>Legal Standard</u>

"We review a district court's decision to confirm an arbitration award <u>de novo</u> to the extent it turns on legal questions, and we review any findings of fact for clear error." <u>A&A Maint. Enter., Inc. v. Ramnarain</u>, 982 F.3d 864, 868 (2d Cir. 2020) (quotation marks omitted). "This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." <u>Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC</u>, 497 F.3d 133, 138 (2d Cir. 2007).

III. <u>Discussion</u>

OEPC provides no evidence that Smit was partial. "Unlike a judge, who can be disqualified in any proceeding in which his impartiality might reasonably be questioned, an arbitrator is disqualified only when a reasonable person, considering all the circumstances, would <u>have</u> to conclude that an arbitrator was partial to one side." <u>Scandinavian Reinsurance Co. Ltd. v. St. Paul Fire & Marine Ins. Co.</u>, 668 F.3d 60, 72 (2d Cir. 2012) (quotation marks omitted).

6

Although "[p]roof of actual bias is not required, . . . a showing of evident partiality may not be based simply on speculation." Id. (quotation marks omitted). OEPC speculates that Andes had the opportunity to obtain "real-time, behind-the-scenes access" to Smit. Appellant's Br. 21. But its speculation does not establish evident partiality. As we have observed, "we do not think that the fact that two arbitrators served together in one arbitration at the same time that they served together in another is, without more, evidence that they were predisposed to favor one party over another in either arbitration." Scandinavian Reinsurance, 668 F.3d at 74. Similarly here, aside from Smit's and Shore's concurrent service, OEPC does not allege a "material relationship" such as a "family connection or ongoing business arrangement with a party or its law firm—circumstances in which a reasonable person could reasonably infer a connection between the undisclosed outside relationship and the possibility of bias for or against a particular arbitrating party." Id.

Nor does OEPC cite any precedent supporting its theory that nondisclosure can result in an arbitrator exceeding his powers because he lacks the authority to <u>not</u> disclose the relationship. Even assuming Smit had a disclosure obligation under the parties' agreements, his nondisclosure did not

7

pass the "high hurdle" for vacating an arbitration decision under 9 U.S.C. § 10(a)(4) because Smit did not "effectively dispense[] his own brand of industrial justice" and "make public policy." Stolt-Nielsen S.A. v. AnimalFeeds Intl. Corp., 559 U.S. 662, 671-72 (2010).

OEPC next contends that the Convention precludes confirmation of the award because "[t]he composition of the arbitral authority . . . was not in accordance with the agreement of the parties." Convention, art. V. §1(d). The burden on OEPC to avoid confirmation "is a heavy one, as the showing required to avoid summary confirmance is high." Zeiler v. Deitsch, 500 F.3d 157, 164 (2d Cir. 2007). There is no evidence in the record before us, however, that Smit's nondisclosure interfered with the "composition" of the arbitral authority. And the parties "explicitly settled on a form" for the arbitration, and "their commitment [was] respected." Encyc. Universalis S.A. v. Encyc. Britannica, Inc., 403 F.3d 85, 91 (2d Cir. 2005). Nondisclosure of an unrelated arbitration in this case does not appear to have undermined "the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Id. at 90 (quotation marks omitted).

Finally, OEPC challenges two aspects of the District Court's pre-judgment

8

interest calculation. First, it claims that the District Court used the wrong reference point for calculating the pre-judgment interest rate. OEPC argues that the District Court erred in treating March 4, 2016, as the "due date of payment" under the parties' agreements because the payment of the award was not due until April 25, 2021, making April 23, 2021, the "first Business Day prior to the due date of payment," see J. App'x 250, and the reference point for determining the interest rate. Second, OEPC argues that the District Court made a mathematical error by calculating compound interest based on a 360-day year and applying that rate to 365-day calendar years, otherwise known as the "365/360" method. Am. Timber & Trading Co. v. First Nat'l Bank of Or., 511 F.2d 980, 982 n.1 (9th Cir. 1973) (explaining that, under the 365/360 method, "interest charged for a calendar year is greater than interest charged either the 365/365 or 360/360 methods"). At least as to the second alleged error, Andes responds with a conclusory assertion in a footnote, which refers only to the District Court's "broad discretion." Appellee's Br. 46 n.37; see Tolbert v. Queens College, 242 F.3d 58, 75 (2d Cir. 2001) ("A contention is not sufficiently presented for appeal if it is conclusorily asserted only in a footnote."). To be sure, "[t]he award of interest is generally within the discretion of the district court and will not be

9

1  overturned on appeal absent an abuse of discretion." <u>ExxonMobil Oil Corp. v.</u>

2  <u>TIG Ins. Co.</u>, 44 F.4th 163, 178 (2d Cir. 2022). But while the District Court may

3  exercise its broad discretion to award pre-judgment interest, here the District

4  Court appears to have adopted Andes's proposed final judgment without further

5  explanation. <u>See</u> Special App'x 11–12. The District Court provided no

6  justification for its determination of the due date of payment or its application of

7  the 365/360 method. Because we are not confident, on this record, that the

8  District Court accurately calculated the compound interest, we vacate the District

9  Court's award of pre-judgment interest and remand for further consideration of

10 OEPC's two objections. On remand, the District Court should adequately

11 explain its calculation of pre-judgment interest.

12     We have considered OEPC's remaining arguments and conclude that they

13 are without merit. For the foregoing reasons, the judgment of the District Court

14 is AFFIRMED in part and VACATED in part.

15                         FOR THE COURT:
16                         Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit